IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| EMIR SEHIC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 3:12-CV-614-WKW |
| | ) [WO] |
| WILLIAM VAN ANDERSON, | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

On November 14, 2012, the Magistrate Judge filed a Recommendation (Doc. # 22) that this action be transferred to the Eastern District of California, pursuant to 28 U.S.C. § 1404(a). Plaintiff Emir Sehic timely filed objections to the Recommendation. (Doc. # 23.)

Mr. Sehic's objections can be organized into three categories. First, Mr. Sehic objects to two alleged factual errors in the Recommendation concerning arguably relevant dates pertaining to the alleged misconduct. Mr. Sehic's objections are noted (*see* Am. Compl. ¶¶ 38, 49 (Doc. # 7)), but those objections, even if sustained, are not material to the substantive transfer analysis.

Second, Mr. Sehic objects to the Magistrate Judge's findings with respect to the § 1404(a) factor that analyzes the convenience of witnesses. He contends that the

Magistrate Judge erroneously relied on Defendants' "list of 57 witnesses" in finding that this factor weighs in favor of transfer.  (Doc. # 23, at 2.)  Contrary to Mr. Sehic's assertion, however, the Magistrate Judge found that there were numerous witnesses whose proffered testimony is "not in any way material" to the case.  (Doc. # 22, at 6.)  The Magistrate Judge applied the appropriate standard and properly pared down that list to several defense witnesses who "arguably may provide material testimony" and concluded that the convenience of these defense witnesses weighed in favor of transfer.  (Doc. # 22, at 7.)  The court finds that overall the Recommendation properly addressed this factor, and that Mr. Sehic's objections on this issue lack merit, without need for further discussion.

Third, Mr. Sehic contends that Defendants have engaged in bad faith based upon their alleged vacillating positions as to whether a partnership was formed between them and Plaintiff.  Plaintiff contends that whether a partnership existed is a "pivotal issue in this case."  (Doc. # 23, at 5.)  That may be so, but that issue is not determinative on the question of transfer and, contrary to Plaintiff's argument, does not present a ground upon which to deny the motion to transfer.

Bottom line, based upon an independent and *de novo* review of those portions of the Recommendation to which objection is made, *see* 28 U.S.C. § 636(b)(1), the court finds that Mr. Sehic's objections fail to undermine the Recommendation of the

Magistrate Judge and that the Eastern District of California clearly is a more convenient forum than the Middle District of Alabama.

Accordingly, it is ORDERED as follows:

1. Mr. Sehic's Objections (Doc. # 23) are OVERRULED.

2. The Magistrate Judge's Recommendation (Doc. # 22) is ADOPTED.

3. Defendants' motion to transfer venue is DENIED to the extent that Defendants request transfer to the Northern District of California.

4. Defendants' motion to transfer venue is otherwise GRANTED, and this action is TRANSFERRED to the Eastern District of California, pursuant to 28 U.S.C. § 1404(a).

The Clerk of the Court is DIRECTED to take all steps necessary to effectuate the transfer.

DONE this 17th day of December, 2012.

                                               /s/ W. Keith Watkins
                                       CHIEF UNITED STATES DISTRICT JUDGE